## Markert's Estate.

*Contracts—Suretyship—Payments—Independent debt of principal to same obligee—Application of payments—Decedents' estates.*

Where two persons executed a promissory note, one as principal and the other as surety, and at the same time the principal executed his individual note to the same obligee for a like amount, and thereafter made payments to the obligee amounting to more than half of the total owed on the two notes, such payments could not be credited against the debt for which the surety was liable until the individual note was paid, where it appeared that the obligee had appropriated moneys so received first to the reduction of the obligor's separate debt, and where there was no evidence of any agreement at the time of the execution of the notes that payments should first be applied to the reduction of the joint debt.

Argued February 8, 1916.     Appeal, No. 328, Jan. T., 1915, by Christine Markert, Executrix of the Estate of Louis Markert, deceased, from decree of O. C. Del. Co., No. 9993, dismissing exceptions to auditor's report in the Estate of Louis Markert, Deceased.     Before MES-

TREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.
Affirmed.

Exceptions to the report of Howard E. Hannum, Esq., Auditor.

The following opinion was filed by BROOMALL, J., dismissing exceptions to the auditor's report:

(a) When this case was previously before the court, the exceptions to the auditor's report were sustained by an opinion filed March 27, 1914, and the report was referred back to the auditor for further consideration, and we then stated the facts and questions involved as follows: "It appears that on December 1, 1908, George L. Markert and Louis Markert executed their judgment note to the Adam Scheidt Brewing Company in the sum of $5,000, payable in one day. On the same day, George L. Markert executed his note to the brewing company for $5,000. These two notes were given for a loan of money made by the brewing company to George L. Markert. Louis Markert was surety for George L. Markert on the first note. Subsequent to the giving of these notes, the brewing company loaned to George L. Markert at different times an aggregate sum of twelve thousand seven hundred and twenty-five dollars. From May 17, 1909, to July 3, 1913, inclusive, George L. Markert paid to the brewing company at various times, an aggregate sum of six thousand two hundred and three dollars and fifty-four cents. The contention is whether these payments shall be applied first to the extinguishment of the note upon which Louis Markert was surety, or applied to the debt of George L. Markert, upon which Louis Markert was not surety." The evidence taken by the auditor was to the effect that no specific appropriation of these moneys was made at the time of the payment of them, either by the brewing company or by George L. Markert. By the evidence taken by the auditor, the condition of all the books of the brewing company was not clearly shown. The report was referred back to the

auditor for the purpose of giving these books further examination and if applicable, to apply the rule that a surety has the right to compel the creditor to appropriate moneys received from the principal debtor to the earliest item in the account.   By a supplemental report, the auditor has found that the brewing company has appropriated the moneys received from the principal, George L. Markert, to the reduction of his separate debt. We have caused the books to be brought before us for examination and we find that there is no doubt about the fact as the auditor has it reported, and that the brewing company by their accounts, actually appropriated the moneys received from George L. Markert, in reduction of his separate debt.   This leaves the claim of the brewing company against Louis Markert, the decedent, unaffected by these payments.

The exceptant urges to our attention that there was an agreement made by the brewing company at the time of the execution of the two notes, that whatever money it should receive from George L. Markert should be appropriated first to the reduction of the Louis Markert note.   If this were so, of course, these moneys would have to be so appropriated, but we can find no evidence submitted upon which such an undertaking can be inferred.

*Error assigned* was in dismissing exceptions to the auditor's report.

*Harry C. Most,* for appellant.

*W. Roger Fronefield,* with him *Robert A. Meier,* for appellee.

PER CURIAM, March 13, 1916:

The decree is affirmed on the opinion of the learned court below dismissing the exceptions to the final report of the auditor.